The document below is hereby signed.

Signed: November 7, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NEIGHBORS' CONSEJO, | ) | Case No. 15-00373 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER RE DEBTOR' MOTION FOR CIVIL CONTEMPT

This sets aside my oral ruling at the hearing of October 22, 2019, on the debtor's *Motion for Civil Contempt*, seeking to hold Rafael Gil in civil contempt for violating the discharge injunction arising from the court's order confirming the debtor's *First Amended Plan of Reorganization* (the "*Plan*"). That oral ruling found Gil in civil contempt. Vacating that ruling is required because the debtor did not show that the confirmed *Plan* is binding on Gil even though he was well aware of the bankruptcy case. The debtor failed to present evidence at the hearing of October 22, 2019, that Gil was given notice of the confirmation hearing and of the order confirming the *Plan*. I erroneously assumed that Gil had received such notice, and did not require the debtor to prove that it had given Gil such notice. As

explained below, lack of such notice likely would make the confirmed *Plan* not binding on Gil.  However, the debtor was not given the opportunity to put on proof that Gil had such notice, and this decision does not adjudicate whether Gil had such notice.

I

FACTS

The debtor filed a petition commencing this bankruptcy case on July 16, 2015.  On July 24, 2019, Gil filed a complaint against the debtor in the U.S. District Court for the District of Columbia, commencing Civil Action No. 19-02197, and asserting claims of tortious conduct by the debtor in the period of September 2, 2014, through August 30, 2016, while Gil was with the debtor as a patient.  In its *Motion for Civil Contempt*, the debtor contends that the filing of the complaint violated the discharge injunction arising upon the debtor's obtaining an order on January 25, 2018, confirming its *Plan*.

The debtor was a 501(c)(3) not-for-profit corporation founded to serve the homeless and persons diagnosed with substance abuse and mental health conditions.  Beginning in September 2014, Gil sought treatment for alcoholism from the debtor and became an employee of the debtor, although Gil never sought employment.  Gil stayed with the debtor until August 2016.

Gil knew that the debtor was going to go into bankruptcy,

2

before the debtor filed for bankruptcy, and he received a packet, after the debtor had filed for bankruptcy, explaining the bankruptcy case, including that a meeting of creditors would be held, and notice of the deadline to file a proof of claim for any prepetition claim (that is, any claim arising prior to the commencement of the bankruptcy case).  The debtor listed Gil's claim for wages as an unsecured claim entitled to priority under 11 U.S.C. § 507(a)(4) in the amount of $11,424.00, and that priority claim became an allowed claim by reason of Fed. R. Bankr. P. 3003(b)(1).

As noted previously, Gil's claims covered the period of September 2, 2014, through August 30, 2016, a period straddling the petition date of July 16, 2015.  Gil never pursued in the Bankruptcy Court either his prepetition claim or his postpetition claim.

First, Gil never filed a proof of claim to assert any additional prepetition claim beyond the scheduled priority wage claim.  Under Fed. R. Bankr. P. 3003(c)(2), Gil's failure timely to file a proof of claim resulted in his not being treated as a creditor with respect to any such additional prepetition claim for purposes of distribution.[1]  Gil never filed a motion under

---

[1] Under 11 U.S.C. § 362(a)(1), the commencement of the bankruptcy case resulted in an automatic stay of "the commencement . . . of a judicial . . . action . . . against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code

3

Fed. R. Bankr. P. 3003 to allow him to file such a proof of claim out of time.

Second, Gil never filed a motion for the allowance of an administrative claim against the estate with respect to the part of his claims arising after the commencement of the bankruptcy case on July 16, 2015. The *Plan* provided for full payment of any *Allowed Administrative Expense(s)*, defined to mean "all administrative expense(s) allowed under Sections 503(b) and 507(a)(1) of the Code." The *Plan*'s reference to § 507(a)(1) was an error as the administrative claims allowed under § 503(b) in this case fit under 11 U.S.C. § 507(a)(2).[2] In relevant part, 11 U.S.C. 503(b) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title," and Gil's claim is not a claim described in § 502(f). Necessarily, the requirement of "notice and a hearing" refers to the court within which the bankruptcy case is pending, here, the U.S. Bankruptcy Court for the District of Columbia. The *Plan* therefore contemplated that any administrative claim would be pursued in the Bankruptcy

---

(11 U.S.C.)]". Gil never sought relief from the automatic stay to permit him to pursue his prepetition claim against the debtor.

[2] Section 507(a)(1) previously included all administrative expenses allowed under § 503(b), but the statute was amended to address in § 507(a)(1) domestic support obligations and trustee's expenses incurred in administering assets available to pay domestic support obligations. Old § 507(a)(1) became § 507(a)(2).

4

Court.[3]  Even if the discharge injunction arising from confirmation of the *Plan* applied to administrative expense claims, the *Plan* allowed pursuit in the Bankruptcy Court of such administrative expense claims.[4]  However, the *Plan* did not authorize the filing of an action elsewhere in pursuit of such discharged administrative expense claims (unless the claims were "referred" there).[5]  On January 25, 2018, the court confirmed the debtor's *Plan*.  The Plan provided that all allowed prepetition claims, including Gil's allowed priority claim, would be paid in full.  Gil's allowed priority claim for wages, in the $11,424.00 amount the debtor had scheduled, was paid pursuant to the *Plan*.

At the hearing of October 22, 2019, I assumed that the

---

[3]  I do not address whether any bar date was in place under the *Plan* or otherwise regarding filing a motion to allow an administrative expense claim.

[4]  The *Plan* supplemented the discharge injunction by including an injunction barring actions on claims.  The *Plan*, at page 16, provided that notwithstanding the injunction, "each holder of a disputed Claim may continue to prosecute its proof of claim in the Court or such other court to which the matter may be referred, and all holders of Claims shall be entitled to enforce their rights under the Plan."

[5]  *See* n.4, *supra*.  As a practical matter, any motion filed in the Bankruptcy Court to allow an administrative claim for the alleged tortious acts occurring postpetition would likely end up being withdrawn to the District Court by reason of 28 U.S.C. § 157(b)(5) (personal injury torts must be tried in the District Court) or by reason of 28 U.S.C. § 1411(a) (right to a jury trial on personal injury claim) if the parties do not consent under 28 U.S.C. § 157(e) to the Bankruptcy Court conducting a jury trial.

debtor had given Gil, as a creditor participating in the case, notice of the confirmation hearing and of the order confirming the *Plan*, such that Gil was bound by the confirmed *Plan*. That might not be the case.

Gil acknowledged at the hearing of October 22, 2019, that he was aware of the bankruptcy case and had received notice of the bar date to file a proof of claim. He also acknowledged that he was aware that the debtor had proposed a reorganization plan. However, the filings in the bankruptcy case do not show that the debtor served on Gil a copy of the *Plan* and the court's order setting the confirmation hearing leading to the confirmed *Plan*.

A certificate of service (Dkt. No. 313) reveals that the debtor mailed to Gil, at 6323 Georgia Avenue, Suite 206, Washington, DC 20011, the order (Dkt. No. 302) setting a hearing of December 21, 2017, on the debtor's disclosure statement (Dkt. No. 287) regarding its original proposed plan (Dkt. No. 288). At the hearing of December 21, 2017, as noted by the Case Hearing Summary (Dkt. No. 344), the court held that changes had to be made to the debtor's original plan and to the disclosure statement, but indicated that the court would approve the forthcoming amended disclosure statement relating to the forthcoming amended plan. On December 22, 2017, the court entered an *Order Approving Debtor's Forthcoming First Amended Disclosure Statement and Fixing Time for Filing Objections to*

6

*Confirmation and for Filing Acceptances or Rejections of the Debtor's Forthcoming First Amended Plan Combined with Notice of Hearing on Confirmation of First Amended Plan* (Dkt. No. 346). The debtor later filed the *Plan* (Dkt. No. 350) incorporating the required changes and a *First Amended Disclosure Statement* (Dkt. No. 349) (the "*Disclosure Statement*"). In relevant part, in approving the forthcoming *Disclosure Statement*, the court's *Order*:

- set January 17, 2018, at 2:00 p.m., as the date and time for the hearing on confirmation of the *Plan*;
- ordered that by December 27, 2017, the debtor was to transmit a copy of the *Order* (approving the *Disclosure Statement*), the *Disclosure Statement*, the *Plan*, and a ballot substantially conforming to Official Form No. 314 to all creditors and other parties in interest as provided by Fed. R. Bankr. P. 3017(d); and
- set January 12, 2018, as the last day on which the holders of claims could accept or reject the Plan, and could file objections to confirmation of the *Plan*.

On December 27, 2017, the debtor filed a *Certificate of Service* (Dkt. No. 351) reflecting that it had mailed the court's *Order*, the *Disclosure Statement*, the *Plan*, and a ballot for voting on the *Plan* to various creditors. The *Certificate of Service* does not list Gil as a creditor upon whom those documents

7

were served.

At the confirmation hearing, the debtor presented a tally of ballots showing that one creditor in Class 2 had accepted the *Plan*, with no creditors in Class 2 rejecting the *Plan*. Class 2 was a class of general unsecured claims (claims not entitled to priority over other unsecured claims), and was the class in which Gil's tort claims belonged. Class 2, which was an impaired class, was deemed to have accepted the *Plan*, thereby satisfying the requirement of 11 U.S.C. § 1129(a)(10) that at least one class of impaired claims have accepted the *Plan*. Had Gil cast a ballot rejecting the *Plan*, Class 2 would have been deemed under 11 U.S.C. § 1126(c) to have rejected the *Plan*. However, Gil could not have cast a ballot if he was unaware of the *Plan* and the right to vote on the *Plan*.

The court's order (Dkt. No. 372) confirming the *Plan* directed the debtor to serve that order on creditors. The debtor's *Certificate of Service* (Dkt. No. 375) does not reflect that it served the confirmation order on Gil. However, the debtor should be allowed to put on proof that it gave Gil notice of the confirmation hearing and of the order confirming the *Plan*.

In the District Court civil action, the debtor has not appeared or responded to Gil's complaint. The debtor reports that Gil has never properly served the complaint on the debtor. The debtor served its *Motion for Civil Contempt* on Gil on August

8

22, 2019. Instead of withdrawing his complaint, Gil opposed the *Motion for Civil Contempt*. That led to the hearing of October 22, 2019. The court ruled that Gil was in civil contempt and continued the hearing to November 5, 2019, to determine whether Gil had purged himself of civil contempt. The debtor's counsel reported at the hearing of November 5, 2019, that Gil had dismissed his civil action. The debtor's counsel agreed to dismissal of the debtor's contempt motion as moot. However, as I noted at the hearing of November 5, 2019, I am setting aside my oral decision because the decision may have been in error in holding that Gil was in civil contempt.

II

RAFAEL GIL WAS IN CIVIL CONTEMPT IF THE *PLAN* IS BINDING ON HIM

Pursuant to 11 U.S.C. § 1141(d)(1)(A), the confirmation of a Chapter 11 plan "discharges the debtor from any debt that arose before the date of such confirmation." Under 11 U.S.C. § 524(a)(1), a discharge under the Bankruptcy Code:

> voids any judgment at any time obtained to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt or discharge under section . . . 1141 . . . of this title, whether or not discharge of such debt is waived.

Additionally, § 524(a)(2) provides that the discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt asa personal liability or the debtor, whether or not discharge of such debt is waived.

9

If the *Plan* is binding on Gil, Gil's claims under the Complaint were the types of debts discharged under § 524(a)(1) and the District Court action was the type of action enjoined by § 524(a)(2). The claims in the District Court action were based upon the debtor's alleged tortious actions prior to the confirmation of the Plan. Therefore, if the *Plan* is binding on Gil, his filing and prosecution of the Complaint in the District Court was in violation of the discharge injunction.

### III

#### THE DEBTOR HAS NOT ESTABLISHED THAT THE *PLAN* IS BINDING ON GIL

My preliminary research suggests that if the debtor failed to give Gil notice of the confirmation hearing, the *Plan* may not be binding on Gil. *See Reliable Elec. Co., Inc. v. Olson Const. Co.*, 726 F.2d 620, 623 (10th Cir. 1984) (observing that "the reorganization process depends upon all creditors and interested parties being properly notified of all vital steps in the proceeding so they may have the opportunity to protect their interests" and holding that "notwithstanding the language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution"). As stated in another decision, "if a creditor is not given adequate notice of . . . the hearing on plan confirmation or the order confirming a plan in a Chapter 11 case, the creditor may not be bound by the

10

plan provisions and its claim is not discharged." *In re Arch Wireless*, 332 B.R. 241, 251 (Bankr. D. Mass. 2005) (citations omitted), *aff'd,* 534 F.3d 76 (1st Cir. 2008)*; see also In re Otero Cty. Hosp. Ass'n, Inc.*, 551 B.R. 463, 477 (Bankr. D.N.M. 2016).[6] Here, the debtor never presented evidence that Gil had notice of the confirmation hearing and of the opportunity to vote on the *Plan* and to object to its confirmation.

IV

CONCLUSION

For the aforestated reasons, it is

ORDERED that the court's prior oral decision at the hearing of October 22, 2019, is vacated.  It is further

ORDERED that, with the debtor's consent, the debtor's *Motion for Civil Contempt* is dismissed as moot.

[Signed and dated above.]

---

[6] The debtor did not contend that Gil's pursuit of his prepetition claims in the District Court violated the automatic stay of 11 U.S.C. § 362(a)(1).  Under 11 U.S.C. § 362(c)(2)(C), the automatic stay of bringing an action on a prepetition claim is terminated when a discharge is granted or denied.  The debtor received a discharge by reason of confirmation of the *Plan*.  That discharge likely will not apply to Gil's prepetition claims if the *Plan* is not binding on him.  Did the debtor's receipt, in general, of a discharge terminate the automatic stay as to Gil's pursuit of his prepetition claims even if the discharge injunction does not apply to him?  I need not address that issue.

Copies to: Debtor;

Rafael Gill
14122 Nutley Road
Silver Spring, MD 20904
(Via hand-mailing by Clerk)

Kermit A. Rosenberg, Esq.
Bailey & Ehrenberg PLLC
1015 18th Street, NW
Suite 204
Washington, DC 20036
[Attorney for the debtor]

Joseph A. Guzinski, Esq.
Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314