The document below is hereby signed.

Signed: February 16, 2020



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NEIGHBORS' CONSEJO, | ) | Case No. 15-00373 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
FAUSTO FABRE'S MOTION TO AMEND CLAIM TO
INCLUDE ATTORNEYS' FEES AND SETTING SCHEDULING CONFERENCE

On May 21, 2019, the court entered a *Scheduling Order Regarding Issue of Fausto Fabre's Attorney's Fees* (Dkt. No. 491) ("*Scheduling Order*"), in which it ordered "that Fabre shall file a statement of attorney's fees by June 19, 2019, the debtor shall file a response by July 3, 2019, and Fabre shall file a reply by July 10, 2019." In response to the *Scheduling Order*, Fabre filed a *Motion to Amend Proof of Claim to Include Attorney's Fees* (Dkt. No. 495) ("*Motion*"). The debtor then filed an opposition to the *Motion* (Dkt. No. 498), arguing: that Fabre is not entitled to amend his proof of claim because it is time-barred and allowing amendment would unfairly prejudice other holders of unsecured

claims; that Fabre is not a prevailing party entitled to attorneys' fees; that Fabre's fee request is unreasonable; and that Fabre is not entitled to costs.

The court disagrees that allowing an amendment to Fabre's proof of claim would be time-barred or prejudicial to other unsecured creditors. Because the original proof of claim requested attorney's fees, the amended claim would merely set forth the fees owed. Moreover, the issue is moot because Fabre filed the *Motion* in response to the court's *Scheduling Order*, and the court will treat it as the "statement of attorney's fees" required by that order. In addition, because the court finds that Fabre is a prevailing party, the court will set a scheduling conference for a trial to fix the amount of attorney's fees and costs to which Fabre is entitled.

I

The debtor objects to Fabre's *Motion* on the ground that it is time-barred and would prejudice other unsecured creditors. However, Fabre's original proof of claim (Claim No. 6-1) already sought attorney's fees, and a "court has discretion in the midst of litigation, brought to fix the amount of a claim, to permit a party to present additional evidence in support of its claim to show that a larger amount is owed for the transaction at issue." *In re Nicks*, Case No. 13-00588, 2014 WL 1647011, at *3 (Bankr. D.D.C. Apr. 23, 2014). In any event, Fabre's *Motion* was a

2

response to the court's *Scheduling Order*, which directed Fabre to "file a statement of attorney's fees." Accordingly, the court will treat the *Motion* as the "statement of attorney's fees" required by the *Scheduling Order* and the debtor's opposition as the response thereto.

II

The debtor argues that a prevailing party is one that has been awarded some relief by the court, citing *Buckhannon Bd. & Care Home v. W. VA. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001), and that because no judgment has been entered by the court, Fabre is not a prevailing party. It is true that no order has yet been entered allowing a claim of $21,341.94 for unpaid wages, but necessarily the parties' stipulation requires that an order be entered allowing a claim for unpaid wages. When the court disposes of the objection to claim, which remains pending, that order will allow Fabre's claim for unpaid wages in the amount of $21,341.94. The court has deferred entering an order allowing a claim for $21,341.94 for wages because allowable attorney's fees recoverable by Fabre remain to be fixed in order to arrive at the total allowed claim, but the final order entered awarding the $21,341.94 will provide the court order establishing that Fabre is a prevailing party with respect to the recovery of the $21,341.94. Because Fabre will be a prevailing party, he is entitled to seek the fees to which he will be entitled as such a

prevailing party. It would be elevating form over substance to treat the debtor as entitled to the entry of an order allowing a claim for $21,341.94 for unpaid wages before Fabre will be entitled to obtain an adjudication of the part of his claim seeking attorney's fees for being a prevailing party.

Consistent with the foregoing, the order approving the settlement of the claim will also constitute judicial relief under the statutory provisions from which the entitlement to attorney's fees and costs arises. The debtor's objection to Fabre's claim arose from the debtor's alleged failure to pay Fabre's wages as required by law. Fabre filed a civil action in the District Court, Case No. 1:14-cv-01897-CRC, and once the debtor filed the bankruptcy case, the District Court action was stayed. The litigation shifted to a different forum, the Bankruptcy Court.[1] Accordingly, one must treat the civil action and the objection to claim proceeding as functionally the same litigation. The settlement here (Dkt. No. 488) fixed the unpaid wages to be allowed as a claim at $21,341.94 after litigation over that issue, with attorney's fees to be addressed later. Because Fabre will be entitled to entry of an order allowing that amount, he will be a prevailing party to the same extent he would

---

[1] Fabre's claim in this court merely attached the District Court complaint as well as a motion he had filed for judgment on the pleadings in the District Court, and the very same litigation continued in the Bankruptcy Court.

4

be a prevailing party if the litigation had continued in the District Court and the District Court had entered a court-enforced consent decree stipulating a judgment for $21,341.94, and he will be entitled to attorney's fees under the same applicable laws as were at issue in the District Court litigation.

The debtor further argues that Fabre is not a prevailing party because the Supreme Court in *Buckhannon* limited the availability of attorney's fees in the context of settlement agreements to those settlement agreements "enforced through a consent decree." It is true that a mere stipulation or settlement, without more, does not confer "prevailing party" status. *See Summers v. Department of Justice*, 569 F.3d 500, 502 (D.C. Cir. 2009) (analyzing the attorney's fees provision of the pre-2007 Freedom of Information Act). But the D.C. Circuit has not treated *Buckhannon* as limiting "prevailing party" in the case of settlements to those labeled "consent decrees":

> We doubt that the Supreme Court's guidance in *Buckhannon* was intended to be interpreted so restrictively as to require that the words "consent decree" be used explicitly. Where a settlement agreement is embodied in a court order such that the obligation to comply with its terms is court-ordered, the court's approval and the attendant judicial over-sight (in the form of continuing jurisdiction to enforce the agreement) may be equally apparent.

*Davy v. C.I.A.*, 456 F.3d 162, 166 (D.C. Cir. 2006) (quoting *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002)). The

5

D.C. Circuit in *Davy* treated the settlement agreement at issue as "functionally a settlement agreement enforced through a consent decree" because it "(1) contains mandatory language (e.g., it is 'ORDERED *nunc pro tunc* that No later than April 30, 2001, the CIA will ...'); (2) is entitled an 'ORDER'; and (3) bears the district judge's signature, not those of the parties' counsel." *Id.* See also *Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 148, 150-53 (2d Cir. 2009) (where the court had had "extensive involvement" in and "close management" of the settlement negotiations, a court's "so ordering" a settlement agreement that provided that dismissal of the lawsuit only took effect upon the Court's approval and entry of the parties' proposed stipulation and order constituted sufficient judicial imprimatur to justify prevailing party status); *Carbonell v. INS*, 429 F.3d 894, 895-96 (9th Cir. 2005) (a "court order incorporating a voluntary stipulation . . . materially altered the relationship between [the petitioner] and the government and that this alteration was judicially sanctioned," thereby making the petitioner a prevailing party).

A similar result is appropriate here. The process whereby a bankruptcy approves settlements regarding claims involves the same oversight and imprimatur as articulated in *Davy*, and therefore confers prevailing party status. *See Smyth ex rel. Smyth v. Rivero*, 282 F.3d at 280 (distinguishing private

settlements, which do not confer "prevailing party status," from "certain designated types of suits, for instance consent decrees, class actions, share-holder derivative suits, and compromises of bankruptcy claims where settlement of the suit requires court approval") (citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995)).  Therefore, the order approving the settlement of Fabre's claim will carry the requisite judicial imprimatur to confer Fabre with prevailing party status.

### III

The court's conclusion that Fabre is a prevailing party notwithstanding, factual issues remain as to what attorney work was incident to causing Fabre to be a prevailing party, what work was for claims for which Fabre was not a prevailing party, and other issues regarding the reasonableness of the attorney's fees and costs.  Accordingly, the court will set a scheduling conference for a trial on the amount of attorney's fees and costs to which Fabre is entitled.  In advance of that hearing, the court further notes that Fabre's counsel seeks $742/hour, the rate for an attorney of his current level of experience, for work performed in years when he had less experience.  D.C. Code § 32-1308(b) provides that "the court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix

7

approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services," but there is conflicting case law about whether § 32-1308(b) requires updating the rate to account for the current experience of the attorney or only to the current rate for the attorney's level of experience at the time the work was performed.  *Compare Young v. Sarles*, 197 F. Supp. 3d 38, 50-53 (D.D.C. 2016) (adjusting rate to reflect current rate for attorney's level of experience at time of billing) to *Miller v. Holzmann*, 575 F. Supp. 2d 2, 18-21 (D.D.C. 2008) (adjusting rate to reflect the attorney's current level of experience). Given the factual considerations that influenced the courts' decisions in *Young* and *Miller*, the parties may present evidence as to the appropriate rule to use in adjusting the attorney's fees as required by § 32-1308(b).

IV

For the foregoing reasons, it is

ORDERED that the *Motion to Amend Proof of Claim to Include Attorney's Fees* (Dkt. No. 495) is deemed to be the "statement of attorney's fees" required by the court's *Scheduling Order Regarding Issue of Fausto Fabre's Attorney's Fees* (Dkt. No. 491); that the *Reorganized Debtor's Opposition to Fausto Gabriel Fabre's Motion to Amend Proof of Claim to Include Attorney's Fees* (Dkt. No. 498) is treated as the debtor's response thereto

contemplated by the court's *Scheduling Order*; and that Fabre's *Reply* (Dkt. No. 499) is treated as the reply to the debtor's response contemplated by the *Scheduling Order*. It is further

ORDERED that a scheduling conference for the trial fixing the amount of attorney's fees will be held on March 3, 2020, at 10:00 a.m.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.