The document below is hereby signed.

Signed: October 16, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NEIGHBORS' CONSEJO, | ) | Case No. 15-00373 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
RE ATTORNEYS' FEES FOR FAUSTO FABRE

In its *Memorandum Decision Order Re Fausto Fabre's Motion to Amend Claim to Include Attorney's Fees and Setting Scheduling Conference* (Dkt. No. 533) ("*Memorandum Decision*"), the court determined that under the terms of the proposed settlement between the debtor and Fausto Fabre, a former employee of the debtor, Fabre ought to be deemed a prevailing plaintiff and entitled to attorney's fees and costs as provided under the Fair Labor Standards Act ("FLSA") and the District of Columbia Wage Payment and Collection Law ("DCWPCL").  *See* 29 U.S.C. § 216(b); D.C. Code § 32-1308(b)(1).  At a hearing held on March 12, 2020, Fabre and the debtor agreed that the court could decide the issue

of attorney's fees on the papers.  This memorandum decision and order addresses that outstanding issue of attorney's fees.

I

D.C. Code § 32-1308(b) provides:

> [T]he court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services.

There is conflicting case law about whether § 32-1308(b) requires updating the rate to account for the current experience of the attorney or only to the current rate for the attorney's level of experience at the time the work was performed.  One approach is to update the rate to reflect the current rate for attorney's level of experience at time of billing.  *See Young v. Sarles*, 197 F. Supp. 3d 38, 50-53 (D.D.C. 2016).  Another approach, in line with Fabre's *Motion to Amend Proof of Claim to Include Attorney's Fees* (Dkt. No. 495), uses the current rate for the attorney's current level of experience, even for work performed when the attorney had less experience.  *See Miller v. Holzmann*, 575 F. Supp. 2d 2, 18-21 (D.D.C. 2008); *Radtke v. Caschetta*, 254 F.

Supp. 3d 163, 182 (D.D.C. 2017) (applying *Miller* in FLSA case).[1]

As noted in the *Memorandum Decision*, factual considerations

weighed heavily on the district courts' decisions in *Miller* and

*Young*.  In *Miller,* "more than a decade separated the onset of

litigation on the merits and resolution of the subsequent

fee-shifting dispute, with the time entries for which the

prevailing plaintiff sought reimbursement spanning a

thirteen-year period."  *Young*, 197 F. Supp. 3d at 50 (citing

*Miller*, 575 F. Supp. 2d at 18).  In contrast, in *Young*:

> [T]he  gravamen  of  the  plaintiff's  First  Amendment
> challenge  in  this  case  was  largely  resolved  within  a
> month  of  the  plaintiff  having  filed  his  Complaint  and
> corresponding  request  for  a  preliminary  injunction.
> Following  a  brief  stay  to  allow  WMATA  to  review  the
> challenged  regulation,  the  Court  awarded  summary
> judgment,  and  a  permanent  injunction,  to  the  plaintiff
> roughly  seven  months  after  he  filed  his  claim  against
> WMATA. Thereafter,  the  case  was  again  delayed,  this  time
> to  provide  the  parties  an  opportunity  to  brief  the  impact
> of  [*Eley v. District of Columbia*, 793 F.3d 97 (D.C. Cir.
> 2015)]  on  the  present  fee  dispute  and,  importantly,  to
> provide  the  plaintiff  an  opportunity  to  supplement  his
> prior  submissions  in  order  to  justify  his  request  for
> reimbursement  at  LSI/*Salazar* rates.

*Id.* at 51.

---

[1]  In *Cobell v. Jewell*, 234 F. Supp. 3d 126, 168 (D.D.C.
2017), the district court suggests that in *Miller*, "the applicant
sought to recover fees from the government, which enjoys
sovereign immunity from paying interest on accrued fees.  To make
up for that deficiency, the court[] determined that a fee award
based on the then-current Laffey rates was appropriate."
However, the *Miller* decision does not state this rationale
explicitly, and Judge Lamberth's subsequent application of the
*Miller* methodology in *Radtke* further suggests that *Miller* was not
intended to be limited to governmental defendants.

On the record before the court, application of the *Young*
methodology is more appropriate.  Fabre's counsel has submitted
records for the period from August 12, 2014 to June 18, 2019,
reflecting some activity in this litigation for nearly every
month of that period; other than May to July 2016, January to
April 2017, and October to December 2017, counsel did not go more
than a month without devoting some time to this matter.  Thus,
the length of the litigation weighs somewhat in favor of the use
of the *Miller* methodology.  However, in *Miller*, counsel's time
involvement in the litigation was much more extensive and
stretched over a longer period of time.  Whereas Fabre seeks
attorney's fees for 144.5 hours of work performed over a period
of slightly under five years, in *Miller*, the plaintiff's counsel
submitted "24,584.6 billable hours, spread over thirteen years."
*Miller*, 575 F. Supp. 2d at 19.  Moreover, unlike *Miller*, in which
roughly half of the hours were billed in 2007 (the year whose
rates served as the basis of the fee calculation), *id.*, only
13.1 of the 144.5 hours (approximately 9%) submitted by Fabre's
counsel were for the period beginning on June 1, 2019 (the date
Fabre's counsel wishes to use for calculating years out of law

school).[2]  Moreover, whereas in *Miller* only 7.4% of hours were

services rendered before 2006, *id.*, approximately 56% of the

hours billed in this case were billed before May 31, 2018.

Accordingly, it is sufficient to apply the LSI/*Laffey* rates for

June 1, 2019, to May 31, 2020, to counsel's historical experience

levels to compensate for delays in payment of attorney's fees.

Having reviewed Fabre's counsel's records, I find that they

are sufficiently complete and reasonable to warrant an award of

attorney's fees for the full 144.5 hours sought.  I note,

however, that included among the records are entries relating to

counsel's participation in the debtor's bankruptcy case in ways

that are not in direct pursuit of Fabre's wage claims, such as

review of the debtor's bankruptcy filings.  Where such activities

are necessary to protect an FLSA plaintiff's interest, they may

be included in a fee award.  *See e.g. Lora v. J. V. Car Wash,*

*Ltd.*, Case No. 11 Civ. 9010 (LLS)(AJP), 2015 WL 7302755, at *6-7

(S.D.N.Y. Nov. 18, 2015) (granting plaintiff's attorney's fees

for participation in defendant's bankruptcy case, including

attendance at the meeting of creditors, after lifting of the

automatic stay as to plaintiff's claim because such activities

---

[2]  Moreover, the bulk of the 13.1 hours billed after June 1,
2019, was for work relating to the attorney's fees application.
It would be inappropriate to allow a double adjustment of the
billing rate (to reflect the current rate for current experience
rather than just the current rate for historical experience)
based on a small number of hours that were devoted primarily to
the fee issue rather than the underlying claim.

were necessary to resolution of litigation); *Barrett v. Fields*,

No. 95-2028-KHV, 1996 WL 571385, at \*2 (D. Kan. Aug. 8, 1996)

(attorney's fees incurred during defendants' intervening

bankruptcy action were warranted because "attorneys fees incurred

in the bankruptcy case through the time the stay was lifted were

reasonably necessary to plaintiff's efforts to have a judgment

entered").  Because Fabre pursued his wage claims in this court

after the filing of the petition and the imposition of the

automatic stay, I find that the hours devoted to his counsel's

participation in the bankruptcy case outside of direct pursuit of

the FLSA/DCWPCL litigation is compensable, and the time spent was

reasonable.

                                II

     Fabre's counsel also seeks reimbursement of $831.36 in

costs.  In the debtor's opposition (Dkt. No. 498) to Fabre's

*Motion to Amend Proof of Claim to Include Attorney's Fees*, the

only objection to payment of costs was that Fabre was not a

prevailing party entitled to costs, an argument that I rejected

in the *Memorandum Decision*.  Having reviewed these costs, I find

that they are described adequately and are reasonable.

Accordingly, $831.36 of costs will be allowed.

                               III

     In summary, Fabre is entitled to attorney's fees for the

work for which fees are sought and is entitled to recover costs

in full.  However, the amount of attorney's fees must be recalculated in conformity with the reasoning set forth above. It is thus

ORDERED that attorney's fees and costs component of Fabre's claim is allowed as follows.  It is further

ORDERED that Fairfax has an allowed claim of attorney's fees reflecting 144.5 hours of work relating to Fabre's wage claims under federal and D.C. law and costs in the amount of $831.36. It is further

ORDERED that with 14 days after the entry of this memorandum decision and order, Fabre's counsel shall submit an updated calculation of fees incurred, using each attorney's level of experience at the time the work was performed but adjusting the rate upward to reflect the LSI/*Laffey* rates for June 1, 2019 to May 31, 2020.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

R:\Common\TealSM\KLP\Neighbors' Consejo\New Deon and Order re Attorney's Fees of Fausto Fabre _Neighbors' Consejo v8.wpd