The order below is hereby signed.

Signed: December 14 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NEIGHBORS' CONSEJO, | ) | Case No. 15-00373 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
RE ATTORNEYS' FEES FOR FAUSTO FABRE

The debtor objected to the claim of Fausto Fabre. On April 19, 2020, the debtor and Fabre stipulated that Fabre has a wage claim for $21,341.94, with the issue of Fabre's entitlement to attorney's fees set for later determination. In its *Memorandum Decision Order re Attorneys' Fees for Fausto Fabre* entered on October 16, 2020, the court ruled that Fabre has an allowed claim for attorney's fees reflecting 144.5 hours of work relating to Fabre's wage claims under federal and D.C. law and costs in the amount of $831.36, and directed Fabre's counsel to submit an updated calculation of fees incurred, using each attorney's level of experience at the time the work was performed but adjusting the rate upward to reflect the LSI/*Laffey* rates for June 1, 2019

to May 31, 2020. On October 20, 2020, Fabre's counsel submitted an updated calculation of his fees, with a proposed order showing Fabre's allowed claim to be in the amount of $101,235.30, consisting of: (a) $21,341.94 in stipulated back wages, (b) $79,062.00 in attorneys' fees, and (c) $831.36 in litigation costs. The debtor has objected on the sole ground that "an attorney's fee award exceeding 440% is unreasonable and excessive compensation for prosecuting the underlying wage claim that was settled without trial for $18,000." The debtor does not explain why the objection lists $18,000.00 instead of $21,341.94 as the wage claim, but an $18,000.00 wage claim versus a $21,341.94 wage claim has no impact on the issue of the fees and expenses to be awarded.

In his *Motion to Amend Claim to Include Attorneys' Fees* filed on June 19, 2019, Fabre submitted invoices from the attorneys who represented him. He argued:

> A fee is presumptively reasonable when it is calculated using the "lodestar" method — i.e., by multiplying the number of hours worked . . . [and] the prevailing hourly rates." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 552 (2010). *See also Herrera v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37, 46 (D.D.C. 2017) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Here, that hourly rate is fixed by statute. Under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1308, a prevailing plaintiff is entitled to recover "attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services."

(Footnote and further citations omitted.)  The debtor opposed Fabre's *Motion* on July 3, 2019, but did not contest the accuracy of the above-quoted passage.  The opposition asserted that Fabre was not a prevailing party and that the request for attorneys' fees was unreasonable, but in that latter regard only specified that the hourly rate charged was unreasonable, raising no contention that the hours expended by Fabre's attorneys were unreasonable.

The court concluded in a *Memorandum Decision* entered on February 18, 2020, that Fabre was a prevailing party and set the issue of reasonable fees for a scheduling conference so that the parties could present evidence as to the appropriate rule to use in adjusting the attorney's fees as required by § 32-1308(b).  At a scheduling conference of March 12, 2020, the parties agreed that no discovery was needed, that the matter could be decided on the papers submitted, and that representations of counsel (but not arguments of counsel) could be accepted as true.  The court thus indicated that it would decide the matter on the papers.

The court decided the issue of the reasonable hourly rate in its *Memorandum Decision Order re Attorneys' Fees for Fausto Fabre* entered on October 16, 2020, and directed Fabre's attorney to submit a calculation of fees based on the rate specified by the court.  On October 20, 2020, Fabre's counsel submitted the updated calculation.  The debtor does not contend that there was

any error in the calculation and, as noted previously, has only objected that "an attorney's fee award exceeding 440% is unreasonable and excessive compensation for prosecuting the underlying wage claim that was settled without trial for $18,000."

    The debtor has failed to point to anything that would rebut the presumption noted in the *Motion to Amend Claim to Include Attorneys' Fees* that the fees are reasonable based on the hours expended multiplied by the applicable hourly rate. In issuing the *Memorandum Decision* entered on October 16, 2020, I stated: "Having reviewed Fabre's counsel's records, I find that they are sufficiently complete and reasonable to warrant an award of attorney's fees for the full 144.5 hours sought." The debtor has presented no objection warranting revisiting that finding. The invoices reveal that the intervention of the bankruptcy case (after litigation was already pending in the District Court) substantially added to the fees charged. In addition, the debtor's meritless contention that Fabre was not a prevailing party added to the attorneys' fees Fabre incurred. Finally, the primary thrust of Fabre's claim was his entitlement to recover wages, and he prevailed in establishing that the debtor had failed to pay him wages. Even if he prevailed in a lesser amount than he had sought in the proof of claim, the invoices do not suggest that the necessary attorney work would have varied had

Fabre sought the lesser amount awarded. In the circumstances, no fee adjustment is warranted based on the size of the recovery versus the amount of fees sought.

Accordingly, the debtor's objection is overruled. It is thus

ORDERED that Fausto Gabriel Fabre's Claim #6 be allowed in the amount of $101,235.30, consisting of:

    (a) $21,341.94 in stipulated back wages;

    (b) $79,062.00 in attorneys' fees; and

    (c) $831.36 in litigation costs.

It is further

ORDERED that in light of the Fabre's counsel's listing a different address for that counsel than on the proof of claim, Fabre's counsel may wish to amend the proof of claim to note a change of address, and the debtor should acquiesce to any request by Fabre's counsel to delay mailing the distribution check pending amendment of the proof of claim.[1]

                                                    [Signed and dated above.]

Copies to: Recipients of e-notification of orders.

---

[1] Fabre's proposed order would have the payment for attorney's fees and expenses made payable to Fabre's counsel, but Fabre has not filed an assignment to his counsel of his claim for attorney's fees and expenses.